IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Charles F. SCHROEDER, Attorney at Law.

Supreme Court

*No. 82–1592–D. Submitted on briefs January 5, 1984.—*
*Decided January 31, 1984.*
(Also reported in 342 N.W.2d 741.)

For the appellant, Charles F. Schroeder, the cause was submitted on the brief of *Roland J. Steinle, Jr.,* Milwaukee.

For the Board of Attorneys Professional Responsibility the cause was submitted on the brief of *Charles F. Kahn, Jr.,* and *Kahn & Levine,* Milwaukee.

*PER CURIAM.  Attorney disciplinary proceeding; attorney's license suspended.*

Charles F. Schroeder, an attorney admitted to practice in 1962 and who maintained his practice in Milwaukee, appeals from the recommendation of the referee, the Hon. Thomas P. Corbett, reserve judge, that Schroeder's

license be revoked for unprofessional conduct. Schroeder failed to file federal income tax returns for calendar years 1976 and 1977, for which he was convicted in federal court and sentenced to 30 days in jail and one year's probation. Schroeder had been previously disciplined for the misuse of client funds and making false statements to the state bar grievance committee investigating the matter; the court suspended his license for two months. *Disciplinary Proceedings Against Schroeder,* 80 Wis. 2d 1 (1977). Schroeder's failure to file his 1976 federal income tax return occurred at a time during which he knew he was being investigated by the disciplinary authorities for misuse of client funds; his failure to file the 1977 return occurred shortly after his license had been suspended. The referee found these facts to demonstrate a continuing pattern of unprofessional conduct.

The referee also found that Schroeder neglected his duties as receiver in a voluntary assignment matter in Milwaukee county circuit court. Notwithstanding repeated requests from the president of the assignor for an accounting of the assets received by Schroeder in the matter, amounting to approximately $24,000, Schroeder failed to make that accounting.

The court record in the assignment matter discloses that the court ordered Schroeder to present his accounting to the court by February 13, 1981; Schroeder failed to do so until May 4, 1981, the return date of a motion made by the assignor for an order finding Schroeder in contempt; the assignor filed a motion, returnable September 9, 1981, for an order finding Schroeder in contempt for failing to disburse all funds in his possession; Schroeder failed to appear in court on the return date, whereupon the judge directed counsel for the assignor to serve a subpoena on Schroeder; Schroeder failed to appear on the adjourned date of the hearing; the assignor's motion for a complete accounting came on for hearing

before the court on November 2, 1981, but Schroeder failed to appear, whereupon the judge ordered a body attachment for Schroeder; a hearing was held on September 7, 1982 concerning the disbursement by Schroeder of the balance of funds on hand and giving notice to creditors; after the matter was adjourned to November 1, 1982, Schroeder failed to appear, and the court ordered a *capias* for Schroeder; on December 14, 1982 Schroeder was authorized to make certain payments and provide notice to creditors.

Both in his answer and at the disciplinary hearing, Schroeder admitted his failures to file federal tax returns for 1976 and 1977 and his failure to make timely accounting as receiver in the assignment matter, but he denied that he neglected the matter. The referee found that Schroeder admitted to having problems with alcohol, although he has not sought professional treatment, even though the federal judge who sentenced him on the tax matters ordered treatment for alcohol abuse. The referee also found that Schroeder has encountered family problems over the years involving a divorce from his wife and problems with his children. Additionally, Schroeder is not now actively engaged in the practice of law but is working as a comptroller for a machinery company.

The referee concluded that Schroeder's failure to file income tax returns for 1976 and 1977 violated the Code of Attorneys Professional Responsibility and that those violations "demonstrate a long series of unprofessional conduct which threaten the public interest and require the revocation of the respondent's license to practice law." The referee did not indicate which provisions of the Code of Professional Responsibility Schroeder violated, but the Board's complaint alleged that the failure to file tax returns violated SCR 20.04(3) and (4), "illegal conduct involving moral turpitude" and "involving dishonesty, fraud, deceit or misrepresentation." In the as-

signment matter, the Board alleged that Schroeder neglected a legal matter entrusted to him (SCR 20.32(3)), failed to render appropriate accounts to a client of his funds (SCR 20.50(2)(c)), and failed to promptly pay or deliver client funds to the client as requested (SCR 20.50 (2)(d)). The referee recommends that Schroeder's license be revoked and that he be required to pay the costs of the disciplinary proceeding prior to any reinstatement of his license.

On appeal, Schroeder argues in mitigation of his misconduct that he did not intend to mislead the government as to the amount of his income for 1976 and 1977, as that income was accurately reflected on partnership returns. He also claims that his misconduct was due to family stress and alcoholism. He apparently takes the position that his failure to file tax returns is substantially less serious than other morally reprehensible conduct.

We find to be without merit Schroeder's objection to the referee's findings concerning his misconduct in the assignment matter as being a mere recitation of the circuit court record. His objection to the referee's characterization of the "business and social friendship" of Schroeder with three character witnesses who appeared at the hearing as being "a little too lighthearted" is likewise without merit.

The Board argues that Schroeder's failure to file income tax returns and his neglect of the assignment matter, evidenced by his repeated failure to attend court hearings and respond to court orders, establish a continuing pattern of unprofessional conduct. Because of the lengthy pattern of Schroeder's misconduct, running from 1977 through 1982, and on the basis of Schroeder's admission that he has suffered from alcoholism since 1970, that it adversely affected his ability to practice law, and that he did not obtain professional help for rehabilitation, although he stated that he has abstained

from alcohol since February, 1981 and intends to continue doing so, revocation of his license to practice law in Wisconsin is appropriate discipline. The Board notes that, notwithstanding his abstinence, Schroeder's misconduct in the assignment matter continued through November, 1982. Another factor establishing a continuing pattern of misconduct is the fact that Schroeder was disciplined in 1977 for misuse of client funds.

We adopt the referee's findings of fact as not being clearly erroneous, but the recommended revocation of Schroeder's license to practice law seems excessive discipline for his misconduct. On the basis of Schroeder's neglect of the assignment matter and his failure to file two federal income tax returns, which we conclude constitute violations of SCR 20.04(3) and (4), 20.32(3), 20.50(2)(c) and (d), considered together with his previous discipline for misuse of client funds and making false statements to the investigative body, a two-year suspension of his license to practice law in this state is appropriate discipline.

IT IS ORDERED that the license of Charles F. Schroeder to practice law in Wisconsin is suspended for a period of two years, commencing March 1, 1984.

IT IS FURTHER ORDERED that Charles F. Schroeder pay to the Board of Attorneys Professional Responsibility within 60 days of the date of this order the costs of this disciplinary proceeding in the amount of $2,701.60, provided that if the costs are not paid within the time specified, the license of Charles F. Schroeder to practice law in Wisconsin shall be revoked forthwith.